NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re:<br>Marcos Gonzalez-Lopez,<br>Debtor | Case No. 23-43977-elm<br>Chapter 13 |

## MOTION FOR CONTINUATION OF AUTOMATIC STAY

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Marcos Gonzalez-Lopez ("Debtor"), and files this *Motion for Continuation of Automatic Stay* pursuant to 11 U.S.C. § 362(c)(3)(B), for an order continuing the automatic stay provided under §362(a) as to all creditors and therefore would respectfully show the Court as follows:

1.     The Debtor filed a petition under chapter 13 on December 29, 2023.

2.     The Debtor previously filed chapter 13 Case No. 19-41638-btr13 which was dismissed on April 19, 2023. This case was dismissed for failure to make plan payments timely.

3.     Debtor will be able to sustain a chapter 13 bankruptcy payment plan with his new chapter 13 filing because expects to maintain or improve his current income and possibly lower his monthly expenses.

4.     The petition in this case has been filed in good faith. The Debtor believes that the chapter 13 plan he has submitted will be confirmed and that he will be able to fully perform under the terms of the plan. A copy of the proposed plan is attached as Exhibit 1.

5. The Debtor's prior chapter 13 case, dismissed on April 19, 2023, was the only previous case by the Debtor that was pending during the preceding year.

6. The Debtor's prior chapter 13 case was not dismissed because the Debtor failed to file or amend his petition or any required documents, or to provide adequate protection payments ordered by the court.

7. The Debtor's prior chapter 13 case 19-41638-btr13 was not dismissed at a time when there had been a motion for relief that was pending before the court or resolved with an order terminating, conditioning, or limiting the stay.

8. Debtor will ask for an expedited hearing to be conducted on this motion before January 28, 2024. The automatic stay in this case terminates by operation of 11 U.S.C. § 362(c)(3)(A) on January 28, 2024. Once a hearing is set by the Court, Debtor will promptly notify the parties of the hearing date and time.

WHEREFORE, the Debtor requests that this Court continue the automatic stay under §362(a) as to all creditors for the duration of this chapter 13 proceeding, or until such time as the stay is terminated under §362(c)(1) or (c)(2), or a motion for relief is granted under §362(d). Alternatively, the debtor requests that this Court issue an order pursuant to §362(j) confirming that the automatic stay provided under §362(a) will terminate under §362(c)(3) only as to actions taken against the debtor or property of the debtor, but not as to actions taken against property of the estate or actions not taken in relation to a debt.

Respectfully submitted:

By: /s/ Clayton L. Everett

Clayton L. Everett, State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Debtor

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 3, 2024, a true and correct copy of the above motion shall be served via electronic means to all those parties receiving electronic services in this bankruptcy proceeding and upon the attached creditor matrix.

    */s/ Clayton L. Everett*