Clayton L. Everett | State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Debtor

# United States Bankruptcy Court

Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>Marcos Gonzalez-Lopez,<br><br>Debtor. | Case No. 23-43977-elm-13<br><br>Chapter 13<br><br>*Hearing: October 21, 2026, at 9:30 a.m.* |

## DEBTOR'S RESPONSE AND BRIEF IN OPPOSITION TO CHISHOLM SPRINGS HOMEOWNERS ASSOCIATION, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Marcos Gonzalez-Lopez ("Debtor") files this Response and Brief in Opposition to the Motion for Relief from Automatic Stay filed by Chisholm Springs Homeowners Association, Inc. a/k/a Chisholm Springs ("Association") [ECF No. 104] (the "Motion"), and respectfully states as follows:

### I. SUMMARY

1. Debtor opposes termination of the automatic stay and the Association's request for authority to foreclose on Debtor's residence.

2. Debtor does not dispute that valid postpetition assessments coming due while he owns the Property must be paid. Debtor is prepared to pay ongoing assessments as they come due and to cure any properly documented postpetition delinquency on defined terms. Stay relief, and foreclosure of Debtor's home, is not necessary to protect the Association's interest.

3. The Motion rests on a mischaracterization of the confirmed Plan. It alleges that the Plan "does not allow for payments to be made through the standing Chapter 13 Trustee." Motion ¶ 10. In fact, the Plan identified the Association as a secured creditor paid by the Trustee. ECF #65, § I.E.(1)(B). The Association received no Trustee distribution only because no proof of claim was filed, as reflected in the Trustee's Recommendation Concerning Claims that this Court approved. ECF Nos. 74, 77.

4. The Motion also fails to establish the amount of the alleged postpetition default. The $3,339.59 the Association demands is an undifferentiated total of assessments, interest, late fees, fines, attorneys' fees, and other charges, and the figures in the Association's supporting affidavit are internally inconsistent and cannot be reconciled to that total.

5. Accordingly, Debtor requests that the Court deny the Motion or, alternatively, condition the automatic stay on Debtor's payment of ongoing assessments and cure of the properly established postpetition arrearage.

## II. BACKGROUND

6. Debtor commenced this Chapter 13 case on December 29, 2023.

7. Debtor owns and resides at 107 Legendary Court, Newark, Texas 76071 (the "Property"), which is subject to the Association's Declaration of Covenants, Conditions & Restrictions (the "Declaration"). ECF No. 104, Motion ¶¶ 5–6.

8. The Association contends that $2,912.90 was owed on account of prepetition assessments and related charges as of the petition date. ECF No. 104, Motion ¶ 8.

9. Debtor's Amended Chapter 13 Plan provided for the Association as a secured creditor under Section I.E.(1)(B), listing a scheduled claim of $2,932.90, collateral value of $268,240.00, interest at 0%, and pro rata payment by the Trustee. ECF No. 65. The Plan further

provides that the allowed amount of a secured claim under Section I.E.(1) is determined by a timely filed proof of claim and the Trustee's Recommendation Concerning Claims.

10. The Court confirmed the Plan on September 6, 2024.

11. Neither the Association nor Debtor filed a proof of claim on the Association's behalf.

12. On September 16, 2024, the Trustee filed her Recommendation Concerning Claims, identifying the Association as a scheduled secured creditor in the amount of $2,932.90 and stating that, because no proof of claim had been filed and the claims bar date had expired, no Trustee disbursements would be made to the Association. ECF No. 74. The Court approved the Recommendation by order entered October 25, 2024. ECF No. 77. The Association did not respond to the Recommendation.

13. Nearly two years later, the Association filed the Motion, alleging a postpetition balance of $3,339.59 and seeking termination of the stay so that it may foreclose its assessment lien. ECF No. 104, Motion ¶¶ 12, 18. The Motion is supported by an affidavit of the Association's attorney. ECF No. 104-1 (the "Affidavit").

## III. RESPONSE TO GROUNDS FOR RELIEF

### A. The Association has not shown cause to terminate the stay under § 362(d)(1).

14. Section 362(d)(1) permits relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." Section 362(d) expressly authorizes the Court to grant relief "such as by terminating, annulling, modifying, or conditioning" the stay; termination is not the only remedy for cause.

15. The party requesting relief bears the burden of proof on the debtor's equity in property, and the party opposing relief bears the burden on all other issues. 11 U.S.C. § 362(g).

16. A curable postpetition default does not require termination of the stay. Where, as here, the creditor's interest can be protected through ongoing payments and a defined cure, conditioning the stay is the appropriate remedy. See 11 U.S.C. §§ 361, 362(d).

17. The Association holds a continuing lien against the Property securing assessments and certain related charges. ECF Nos. 104 and 104-1, Motion ¶ 7; Declaration § 7.9. That lien remains in place while the stay is in effect, and Debtor does not contend in this Response that the lien was extinguished because no proof of claim was filed.

18. Debtor proposes the following adequate protection:

(a) Ongoing assessments. Debtor will pay each regular assessment directly to the Association as it comes due under the Declaration, beginning with the quarterly assessment that came due in October 2026, which Debtor will pay within fourteen (14) days after entry of an order on the Motion.

(b) Cure of the postpetition delinquency. Debtor will pay the properly established postpetition delinquency, in the amount agreed by the parties or determined by the Court, directly to the Association in equal monthly installments over the remaining term of the Plan. Installments will begin on the first day of the month after the amount is agreed or determined and will be completed by the final month of the Plan. On the Association's asserted postpetition balance of $3,339.59, and assuming payments begin in November 2026, this would require approximately $128.45 per month for 26 months. Debtor reserves all rights and objections concerning the Association's asserted prepetition indebtedness, which is not included in this proposed cure.

(c) No additional charges on the cured balance while performing. So long as Debtor timely performs his obligations under subparagraphs (a) and (b), no additional late fees, default interest, or collection costs shall accrue solely by reason of the postpetition delinquency being cured under

the terms of the Court's order. This provision shall not affect otherwise lawful charges arising from new and independent obligations or violations.

(d) Account history. Within fourteen (14) days, the Association will provide Debtor's counsel a complete account history separating (i) prepetition assessments and charges, (ii) postpetition assessments, (iii) interest and late charges, (iv) fines, (v) attorneys' fees and collection costs, and (vi) each payment received and how it was applied.

(e) Reservation of objections. Debtor reserves all objections to attorneys' fees, fines, penalties, interest, and other charges that are not properly documented or authorized. Only amounts agreed by the parties or allowed by the Court will be included in the cure balance.

(f) Notice and opportunity to cure. If Debtor fails to make a payment under subparagraph (a) or (b), the Association will send written notice of the default to Debtor and Debtor's counsel. Debtor will have fourteen (14) days after the notice is sent to cure. If the default is not cured, the Association may seek relief from the stay by motion on notice and hearing.

19. These terms preserve the Association's lien, keep the account current going forward, and pay the existing balance in full within the life of the Plan, through modest monthly payments that fit within Debtor's existing budget. Tying the cure to the Plan term lets Debtor maintain both his Plan payments and his obligations to the Association without jeopardizing either. Foreclosure of Debtor's residence over an HOA balance of this size is unnecessary to protect the Association's interest.

**B. The Association has not established the amount of the alleged postpetition arrearage, and its own figures do not reconcile.**

20. The Motion acknowledges that the $3,339.59 figure is not limited to unpaid postpetition assessments but includes "other charges incurred on behalf of Movant in relation to this bankruptcy action" and charges "in relation to fines, fees, and charges." ECF No. 104, Motion

¶ 12. The Affidavit likewise describes the total as including "principal, interest, late fees, attorney fees, and additional charges." ECF No. 104-1, Affidavit ¶ 8(a).

21. The Affidavit's supporting figures are internally inconsistent. It states that the quarterly assessment was $500.00 at the petition date and that it "increased to $121.00 in January 2026." See ECF No. 104-1, Affidavit ¶ 6. An increase to a lower figure is facially impossible, and one of those numbers is necessarily wrong.

22. The figures also cannot be reconciled to the amount demanded. The Affidavit alleges missed quarterly payments for April 2024 through July 2026, which is ten quarterly installments. ECF No. 104-1, Affidavit ¶ 8(a). At the rates the Affidavit states, those installments alone would total approximately $3,863.00 (seven installments at $500.00 and three at $121.00), or $3,763.00 after the $100.00 payment the Association acknowledges receiving. Id. ¶ 7. That is more than the $3,339.59 the Association says already includes interest, late fees, attorneys' fees, and other charges. The Affidavit also does not address the installment that came due in January 2024, after the petition date.

23. The Affidavit is also an insufficient evidentiary foundation. The affiant identifies himself as an attorney for the Association, and his firm also prosecutes the Motion. Id. ¶ 2. And although the Affidavit recites that the affiant was sworn, its notarial certificate is an acknowledgment, not a jurat. Id. at 3. Debtor objects to the Affidavit to the extent it is offered as proof of the amounts owed or as a business-records foundation, and requests that the Association be required to establish those amounts through a qualified witness and its actual account records.

24. Before the Court finds a default sufficient to justify relief from the stay, the Association should be required to establish through competent evidence:

a) Each assessment that came due after the petition date, with its amount and due date;

b) Every payment received and the manner in which it was applied;

c) Every late fee, interest charge, and fine, and its basis under the Declaration;

d) Every attorneys' fee or collection charge included in the balance; and

e) Whether any amount included in the alleged postpetition balance relates to the prepetition debt.

25. The current record provides none of that reconciliation.

**C. The Motion misstates the Association's treatment under the confirmed Plan.**

26. The Association alleges that the Plan "does not allow for payments to be made through the standing Chapter 13 Trustee." ECF No. 104, Motion ¶ 10. The Affidavit swears that this allegation is true. ECF No. 104-1, Affidavit ¶ 10.

27. The Plan itself refutes it. The Plan lists the Association in Section I.E.(1)(B), "Secured Creditors—Paid by the Trustee," with a scheduled amount of $2,932.90 and pro rata treatment. ECF No. 65.

28. The Trustee recognized that treatment in her Recommendation Concerning Claims and explained that the Association would receive no distribution only because no proof of claim had been filed. ECF No. 74. The Court approved that Recommendation without objection from the Association. ECF No. 77.

29. The Motion also asserts that Debtor failed to give the Association timely notice of the bankruptcy case. ECF No. 104, Motion ¶¶ 9, 13. However, the Association was expressly identified and provided for as a secured creditor in Debtor's confirmed Chapter 13 Plan. ECF No. 65. The Association has not established that the absence of an allowed claim or Trustee distributions resulted from any failure by Debtor to comply with his obligations under the confirmed Plan.

30. The absence of Trustee distributions on the prepetition debt therefore was not the result of any failure by Debtor to provide for the Association. The Plan provided for the Association; no allowable claim was established. The Association cannot recast the Trustee's non-distribution on a claim that was never filed as a default by Debtor.

**D. Relief is not warranted under § 362(d)(2).**

31. Section 362(d)(2) requires proof both that the debtor lacks equity in the property and that the property is not necessary to an effective reorganization. The Association bears the burden on equity. 11 U.S.C. § 362(g)(1).

32. The Motion offers no evidence of the Property's value or of the liens against it, and therefore does not establish that the Property lacks equity. Nor does it establish that Debtor's principal residence is unnecessary to an effective reorganization. Debtor has completed more than half of his confirmed 60-month Plan and continues to reside at the Property.

## IV. ATTORNEYS' FEES

33. The Association requests $1,350.00 in attorneys' fees for filing and prosecuting the Motion. ECF No. 104, Motion ¶ 20.

34. The Declaration permits recovery of attorneys' fees only in specified circumstances and, in each case, only reasonable fees. See Declaration §§ 6.9.5, 7.9.5, 8.1.3, 8.2.8. Section 7.9.5, the provision quoted in the Motion, provides that "[i]n any foreclosure, the owner is required to pay the Association's costs and expenses for the proceedings, including reasonable attorneys' fees." No foreclosure has occurred. Section 8.2.8 permits recovery of fees only by a prevailing party, and the Association has not prevailed.

35. The Motion provides no billing statement, hourly rate, time entries, or other evidence that $1,350.00 was actually and reasonably incurred in connection with the Motion.

36. The $3,339.59 balance already includes unspecified attorneys' fees and "charges incurred . . . in relation to this bankruptcy action." ECF No. 104, Motion ¶ 12. Any fees allowed on the Motion must be segregated from fees already included in that balance to prevent double recovery.

37. Debtor therefore requests that the Court deny the fee request without prejudice unless and until the Association establishes its entitlement to fees and the reasonableness, necessity, and non-duplication of the amount sought.

## V. THE ASSOCIATION IS ADEQUATELY PROTECTED

38. Pursuant to L.B.R. 4001-1(b), Debtor's statement of how the Association's interest will be adequately protected if the stay remains in effect is set out in Part III.A above.

39. In summary: the Association retains its lien against the Property; Debtor will pay assessments as they come due; Debtor will cure the legitimate postpetition delinquency within a defined period; and the Association may return to the Court after notice and an opportunity to cure if Debtor fails to perform.

40. Those protections are more than sufficient to address a modest HOA arrearage without permitting foreclosure of Debtor's residence.

## VI. RESERVATION OF RIGHTS

41. Debtor will file a declaration in support of this Response before the hearing on the Motion, and reserves the right to supplement this Response with additional evidence and argument, including after receipt of the Association's account history.

## VII. PRAYER

WHEREFORE, Debtor respectfully requests that the Court:

1. Deny the Association's Motion for Relief from Automatic Stay;

2. Deny the request for waiver of the fourteen-day stay under Fed. R. Bankr. P. 4001(a)(3);
3. Alternatively, condition continuation of the automatic stay on Debtor's payment of ongoing assessments and cure of the properly established postpetition arrearage on the terms described in Part III.A or such other terms as the Court determines appropriate;
4. Deny the Association's request for $1,350.00 in attorneys' fees absent competent evidence establishing entitlement, reasonableness, necessity, and lack of duplication; and
5. Grant Debtor such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Clayton L. Everett
Clayton L. Everett, State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system upon all parties registered to receive electronic service, including counsel for Chisholm Springs Homeowners Association, Inc. and the Standing Chapter 13 Trustee, and by such other means as required by the Federal Rules of Bankruptcy Procedure.

/s/ Clayton L. Everett
Clayton L. Everett